IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

KAREN DARNELL, )
)
Plaintiff, )
)
v. )   No. 04-1189-T-An
)
COMMISSIONER OF )
SOCIAL SECURITY, )
)
Defendant. )

---

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES
UNDER THE EAJA AND DENYING THE MOTION FOR ATTORNEY FEES
UNDER THE SOCIAL SECURITY ACT WITHOUT PREJUDICE

---

Plaintiff filed this action to obtain judicial review of Defendant Commissioner's final

decision denying her application for benefits under the Social Security Act. On February

17, 2005, the court entered an order reversing the decision of the Commissioner and

remanding the action for further development of the record pursuant to sentence four of 42

U.S.C. 406(b). Plaintiff has now filed a petition for an award of attorney fees under the

Equal Access to Justice Act, 28 U.S.C. § 2414(d) ("EAJA"), and § 405(g) of the Social

Security Act . The Commissioner has responded to the motion and concedes that Plaintiff's

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on _07-22-05_

(22)

request for attorney fees under the EAJA in the amount of $2,888.75 should be awarded.

Consequently, this portion of the motion is GRANTED.[1]

Plaintiff also seeks attorney fees under the Social Security Act. An attorney who

successfully represents a Social Security benefits claimant in court may be awarded as part

of the judgment "a reasonable fee ... not in excess of 25 percent of the ... past-due benefits"

awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). Plaintiff's request is premature in that

she has not yet been determined to be entitled to past due benefits. Accordingly, this portion

is DENIED without prejudice. Plaintiff may re-file her motion for § 406(b) fees if she is

awarded past-due benefits.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_____
DATE

---

[1] The EAJA requires a district court to "award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party who wins a sentence-four remand order is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).

2

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 22 in case 1:04-CV-01189 was distributed by fax, mail, or direct printing on July 22, 2005 to the parties listed.

Joe H. Byrd
BYRD DONAHOE & BYRD
P.O. Box 2764
Jackson, TN 38301--276

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT